█ In the Matter of GEORGE A. WARMAN, Appellant, v BOARD OF EDUCATION RETIREMENT SYSTEM OF THE CITY OF NEW YORK, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent refusing to accept petitioner's application for disability retirement benefits, petitioner appeals from a judgment of the Supreme Court, Kings County, dated November 26, 1979, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. Respondent's establishment of a two-year period in which to file for accidental disability retirement benefits is a reasonable limitation. Section 17 of its rules and regulations, the plain language of which clearly delineates this time frame, has been judicially upheld (Matter of Ornstein v Board of Educ., Supreme Ct, Kings County, June 18, 1973, Schwartzwald, J., affd 46 AD2d 738). Section 17 may also be compared to section B3-40.0 of the Administrative Code of the City of New York, which also provides for a two-year limit for the filing of accident disability claims for members of the New York City Employees Retirement System (see Bross v New York City Employees' Retirement System, NYLJ, Aug. 11, 1948, p 232, col 6; Matter of Neary v Wagner, 155 NYS2d 259). Furthermore, respondent is not estopped from asserting the late filing defense. Respondent's medical examiner, who has the exclusive authority to determine both the permanency and severity of employment related disabilities examined appellant one and one-half months after he had been assaulted in the school where he worked as a custodian-engineer and found him fit for duty. Appellant's condition subsequently deteriorated and, upon his own initiative, he sought re-examination nearly two years later. There was nothing to prevent him from doing so within the required time. Indeed, in view of his hospitalization during the intervening period and continual medical absences from work, appellant's behavior in not seeking a redetermination is inexplicable. Respondent was under no duty to schedule this examination for him, as appellant himself was well aware of his own condition. Matter of Schaffer (NYLJ, Jan. 18, 1947, p 242, col 6) is distinguishable from the instant case. There petitioner, having allegedly received assurance from respondent's doctors that he would recover, was held entitled to a trial to determine whether respondent should be estopped from asserting the two-year Statute of Limitations contained in section B3-40.0. Damiani, J. P., Gibbons, Rabin and Thompson, JJ., concur.